UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                    )<br>)<br>)<br>)<br>SANTO RUIZ, VIRGILIO RUIZ,    )<br>    Defendants.               )<br>)<br>)<br>) | Cr. No. 93-10209-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 6, 2024

In 1993, defendants Santo Ruiz and Virgilio Ruiz were indicted for various crimes related to a 1990 fire that destroyed their variety store in Roxbury, Massachusetts (Dkt. No. 1). After a 10-day trial, a jury convicted each defendant of four offenses: (1) maliciously destroying by fire a building used in interstate commerce (18 U.S.C. §844(i)); (2) mail fraud (18 U.S.C. §1341); (3) conspiracy to commit the foregoing offenses (18 U.S.C. §371); and (4) use of a fire to commit a federal felony (18 U.S.C. §844(h)(1)) (Dkt. No. 75). Defendants were originally sentenced in January 1995 (Dkt. Nos. 101, 102).

On February 12, 1997, the First Circuit affirmed defendants' convictions, but vacated their sentences and remanded the case for resentencing. See United States v. Ruiz (Ruiz I), 105 F.3d 1492 (1st Cir. 1997). The court resentenced

Virgilio Ruiz to 98 months incarceration and Santo Ruiz to 55 months incarceration. See Ruiz v. United States, 221 F.Supp.2d 66, 70-71 (D. Mass. 2002). It also it sentenced each defendant to 36 months supervised release. See id.

In May 1998, defendants filed pro se petitions for postconviction relief pursuant to 28 U.S.C. §2255, claiming ineffective assistance of counsel and violations of their rights to due process based on prosecutorial pre-indictment delay. See id. at 71, 80-81. On November 30, 2000, before the court had ruled on defendants' pending §2255 petitions, defendants filed a joint motion to expand the record with newly discovered evidence. See id. at 71. The court construed the joint motion as a motion for a new trial and appointed counsel to represent each defendant. See id.

On June 22, 2002, the court issued an order denying the §2255 petitions and the joint motion. See id. The court held that neither the ineffective assistance of counsel nor the due process claims raised in defendants' §2255 petitions were meritorious. See id. at 81. The court determined that the joint motion should be construed as a motion for a new trial based on newly discovered evidence, pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"), and also considered whether the motion would be meritorious if construed as a second §2255 petition.

See id. at 72. Regardless of how the motion was construed, the court held that it was time-barred and, in any event, not meritorious. See id. Defendants appealed and the First Circuit affirmed. Ruiz v. United States (Ruiz II) 339 F.3d 39 (1st Cir. 2003).

On March 15, 2023, defendants jointly filed a pro se motion (the "Motion") requesting, among other things, an "order vacating the judgment of convictions and sentences" (Dkt. No. 184). Defendants state that they bring the Motion pursuant to the Federal Rules of Civil and Criminal Procedure. See id. However, they fail to identify any specific rule pursuant to which they seek relief. Nor do defendants identify any other basis for the relief they seek.

Nevertheless, the court has liberally construed the Motion because it was filed pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Defendants are no longer in federal custody and currently reside in the Dominican Republic. See Motion at 1. Therefore, it is most appropriate to construe the Motion as a petition for a writ of error coram nobis.[1] See e.g., Trenkler v. United States, 536 F.3d 75, 98 (1st Cir. 2008) ("[T]he writ of error coram nobis, in its modern form, is ordinarily available

---

[1] Although courts typically refer to individuals seeking coram nobis relief as "petitioners," the court will continue referring to Santo and Virgilio Ruiz as "defendants" for consistency.

3

only to a criminal defendant who is no longer in custody"); cf. 28 U.S.C. §2255(a) (limiting availability to petitioners "in custody").

A court considering a coram nobis petition presumes that the original proceedings were valid, and a petitioner carries the heavy burden of proving otherwise. See United States v. Morgan, 346 U.S. 502, 512 (1954). To prevail on a coram nobis petition, a petitioner must: "[1] explain[] his failure to seek relief from judgment earlier, [2] show that he continues to suffer significant collateral consequences from the judgment, and [3] demonstrate that the judgment resulted from an error of the most fundamental character." Woodward v. United States, 905 F.3d 40, 43 (1st Cir. 2018) (quoting United States v. George, 676 F.3d 249, 254 (1st Cir. 2012)); see also Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993); United States v. Morgan, 346 U.S. 502, 512 (1954). "Even if the test is satisfied, the court retains discretion over the ultimate decision to grant or deny the writ." George, 676 F.3d at 255.

Defendants have not satisfied any of the three prerequisites to coram nobis relief. First, defendants do not explain their failure to seek relief earlier. See Woodward, 905 F.3d at 43. Perhaps this is because defendants have, in fact, already requested the relief they presently seek, first on

direct appeal, then on a §2255 petition. As discussed earlier, the First Circuit rejected both challenges and has twice affirmed defendants' convictions. See Ruiz I, 105 F.3d 1492; Ruiz II, 339 F.3d 39. Second, defendants have not asserted that they continue to suffer any collateral consequences. Id. Finally, defendants have not demonstrated that the judgment resulted from a "fundamental error." Id.

Instead, defendants summarily argue that relief is warranted "for presumed reasons, demonstrated throughout time and filings, as to: deliberate and wanton false investigation and false arrests; malicious prosecutions, and wrong convictions punishment and collateral damages." Motion at 2. However, defendants do not raise any factual or legal arguments in support of these claims. Nor do they specify how, for example, the underlying prosecution was "malicious" or how the investigation was deliberately and wantonly "false." See id. To the extent that defendants seek to incorporate by reference arguments from prior filings, they fare no better because this court and the First Circuit have already considered defendants' prior challenges and found them to be unmeritorious. See Ruiz I, 105 F.3d 1492; Ruiz II, 339 F.3d 39. Therefore, defendants have failed to satisfy the stringent standard applied to requests for

5

the "extraordinary remedy" of coram nobis relief. See George, 676 F.3d at 251.

Therefore, in view of the foregoing, the Motion (Dkt. No. 184) is hereby DENIED.

/s/ Mark S. Wolf
UNITED STATES DISTRICT JUDGE